Ronnie LOGAN et al *v.* Bill ROSA

82-235                                    647 S.W.2d 469

Supreme Court of Arkansas
Opinion delivered March 14, 1983

*G. Ross Smith, P.A.,* for appellants.

*Harkey, Walmsley, Belew & Blankenship,* for appellee.

FRANK HOLT, Justice. The appellee is the former superintendent of schools for the Mountain View School District. He brought suit in chancery court for breach of contract after he was discharged by the school board members, the appellants. The case was transferred to the circuit court. This appeal results from the decision of the trial court, sitting without a jury, that the appellants wrongfully discharged the appellee from his position as superintendent of the schools and, consequently, appellee is entitled to compensation pursuant to his two year contract. The sole issue presented by appellants is whether the finding by the trial court that the school board lacked sufficient cause to discharge the appellee is clearly against the preponderance of the evidence, ARCP, Rule 52 (a). We affirm.

On January 12, 1981 the board voted 4-2 to renew the superintendent's contract. Members Baxter and Logan dissented. The new two year contract was signed on February 5, 1981. It was to run from July 1, 1981 to June 30, 1983. In the March 1981 school elections two of the members who had voted to renew the superintendent's contract were replaced with new members. In early April the daughter of the superintendent was involved in an incident at school relating to alcoholic beverages. The superintendent suspended his daughter for the remainder of the semester. This incident was discussed in executive session by the board on April 13. On April 16 an attorney wrote Logan on behalf of the superintendent saying that he had information that Logan had reported to a local paper that appellee's daughter was found in possession of an alcoholic beverage at the Mountain View School and threatening litigation if Logan or his attorney failed within ten days to respond in order to work out the matter. On April 28, the superintendent took an affidavit from a school custodian stating as follows:

I, Jimmy Joe Wallis, an employee of the Mountain View School District was in Roger Hopper's Auto Parts Store and was approached by Roger Hopper who had

recently been elected to the Mountain View School Board. Roger Hopper said to me 'Jimmy Joe, you're for Bill Rosa, aren't you?' I repeated to Roger Hopper that Bill Rosa had never done anything against me and that I sure was not against him. Roger Hopper replied, 'Well, he thinks David Baxter has been giving him 'Hell' on that Board, he hasn't seen anything yet as to what's going to happen when I'm on the Board.'

The above statement is a true statement made to me by Roger Hopper in Hopper's Auto Parts Store. I was also a Mountain View School employee when the above statement was made.

The superintendent sent the affidavit to his attorney. The superintendent also took the affidavit to the recently elected Hopper in May and discussed it with him. Hopper denied making the statements and suggested the matter be presented to the school board. On June 10 the superintendent's lawyer wrote Hopper concerning the affidavit and requested a response from Hopper or his attorney within ten days. At the regularly scheduled board meeting on July 13, Hopper requested a special meeting to discuss the affidavit and the letter he had received from the superintendent's attorney. This meeting was held on July 27, 1981. The custodian disavowed the affidavit. At that meeting the board voted 5-1 to terminate the superintendent's contract.

The appellants summarize the grounds which they assert justified the firing as follows:

(1) Appellee communicated with two board members through his attorney in a threatening manner with regard to personal litigation.
(2) Appellee intimidated a school custodian to coerce him into executing a false affidavit that could only be used to threaten and intimidate a board member.
(3) Appellee refused again and again to provide information requested by certain board members.
(4) Appellee refused to work with board member Logan at all.
(5) Appellee suspended his daughter in violation of the

policies of the district, this being the prerogative of the board.

In support of their position, appellants adduced testimony and other evidence from the custodian Wallis and board members Turner, Hopper, Partee, Logan and Baxter. It is undisputed that the appellee superintendent did communicate through his attorney with two of the school board members, Logan and Hopper, with reference to resolving their personal differences; namely, the controversy about the Wallis affidavit and the superintendent's suspension of his daughter from school. The superintendent, who had served as such for 15 years, testified, however, that the custodian's affidavit accurately reflected what he had been told by him and that he, the superintendent, did not coerce or intimidate him. The superintendent denied that he had ever failed or refused to furnish any requested information to the school board members and further denied that he had refused to work with any school board member. Admittedly, he suspended his 12 year old daughter due to the incident involving a bottle of beer on the school premises. Board member Logan agrees that even though a suspension in an alcohol related incident is a matter for the school board, the action taken by the superintendent was "sufficient".

No citation of authority is necessary to support the proposition that the factfinder, here the trial court, is in a better position than are we to observe and evaluate the demeanor, the prejudice or bias, and the interest and credibility of a witness. ARCP, Rule 52 (a), which is applicable here, provides: "Findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Here, we certainly cannot say that the finding of the court was clearly erroneous.

Affirmed.